**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID A. MACK,** : | |
| : | |
|    **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-13-2919** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **JOHN E. WETZEL**, *et al.*, : | |
| : | |
|    **Defendants** : | |
| : | |

**M E M O R A N D U M**

**I.    Introduction**

Mr. Mack, an inmate previously housed at the Frackville State Correctional Institution (SCI-Frackville), in Frackville, Pennsylvania, filed this action for alleged violations of his Eighth Amendment constitutional rights based on his exposure to second hand tobacco smoke that worsened his asthma.[1]  Presently before the court are two related discovery motions:  Mr. Mack's motion to compel (Doc. 52) and the Pennsylvania Department of Corrections (DOC) defendants' motion to stay (Doc. 54) discovery pending the court's resolution of their motion for summary judgment. The DOC defendants' motion for summary judgment is based on Mr. Mack's alleged lack of exhaustion of administrative remedies as required by the Prison Litigation Reform Act of 1995 (PLRA).  (Doc. 36.)

For the reasons set forth below, Mr. Mack's motion to compel will be denied, and the DOC defendants' motion to stay will be granted.

---

[1] Mr. Mack was recently paroled and now resides at a community corrections center in Philadelphia, Pennsylvania.  *See* Doc. 70, Change of Address.

**II.     Standard of Review**

District courts are vested with broad discretion to manage discovery and the resolution of discovery disputes. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000). A court's decision regarding the conduct of discovery will be distributed only upon a showing of an abuse of discretion. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344 (3d Cir. 2001).

Pursuant to Fed. R. Civ. P. 37(c)(1), a party who has failed to receive responses to properly served discovery may move for an order compelling the offending party to respond to the discovery request. *See* Fed. R. Civ. P. 37(a)(1), (c). However, a district court may "for good cause" issue a protective order forbidding or limiting discovery. *See* Fed. R. Civ. P. 26(c)(1). The avoidance of an undue burden of discovery or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of dispositive motions furthers the goal of efficiency for the courts and the litigants, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d at 365.

**III.    Discussion**

Mr. Mack asserts that he served the defendants, on four separate occasions, with requests for production of documents and has yet to receive a response. (Doc. 52-1.) His request for production of documents seeks the following categories of records: grievances he filed between September 2011 and May 2014; his medical records from January 2012 through March 2014; his mental health records from

September 2011 through April 2014; and prison inspection reports relating to ventilation, environmental hazards, and fire safety concerns. (Doc. 53-1.) Mr. Mack argues that the requested documents are "vital" to these proceedings and without them he is "handicapped" in responding to defendants' pending motion for summary judgment. (Doc. 53, ECF p. 2.)

The DOC defendants oppose Mr. Mack's motion to compel and have filed a motion to stay discovery pending resolution of their potentially dispositive motion based on Mr. Mack's failure to exhaust his administrative remedies as required by the PLRA. The DOC defendants submit that "[o]n August 21, 2014, [they] sent Mack free copies of grievances he filed during the relevant time period. Any grievances that were not provided on August 21, 2014, were previously provided by Mack as exhibits to Defendants Motion for Summary Judgment."[2] (Doc. 55, ECF p. 2.) They ask for a stay of their obligation to respond to further discovery until the court resolves their summary judgment motion which if successful will render the remaining discovery requests moot.[3] (*Id.*, ECF p. 3.) Mr. Mack did not file a brief in opposition to defendants' motion to stay discovery.

---

[2] The DOC defendants' motion for summary judgment, statement of facts, supporting exhibits and brief were filed on July 8, 2014. *See* Docs. 36 - 39. Mr. Mack filed his opposition brief and materials on October 10, 2014. *See* Doc. 61.

[3] The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, proper and timely exhaustion of administrative remedies is required prior to filing in federal court. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006); *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

Based on the court's review of defendants' pending motion for summary judgment and the grievance materials provided to Mr. Mack in connection with their motion and via discovery, the court finds good cause for granting defendants' motion to stay any further discovery. Defendants' motion for summary judgment is based solely on the grounds that Mr. Mack failed to exhaust his available administrative remedies prior to initiating this action, thus if defendants prevail, the case will end without the need for further discovery. Additionally, the court observes that Mr. Mack filed his opposition to the DOC defendants' motion for summary judgment without arguing his response is incomplete or otherwise hampered due to the absence of relevant grievance materials that were subject of his document request.

**IV.     Conclusion**

Based on the above, Mr. Mack's motion to compel will be denied. Discovery in this action will be stayed pending the disposition of defendants' motion for summary judgment. However, if the motion for summary judgment does not dispose of all claims, the DOC defendants will have thirty (30) days from the date of the court's order resolving the summary judgment motion to respond to Mr. Hall's properly served discovery requests.

An appropriate Order follows.

                                             /s/ A. Richard Caputo
                                             **A. RICHARD CAPUTO**
                                             **United States District Judge**

**Date: July   9  , 2015**